This is a death-penalty case. David Eugene Davis pleaded guilty to, and was convicted of, capital murder for the deaths of Kenneth Douglas and John Fikes. See Ala. Code 1975, §13A-5-40(a)(10). The jury, by a vote of 11 to 1, recommended death by electrocution. The trial judge, after independently weighing the aggravating and mitigating factors, accepted the jury's recommendation and sentenced Davis to death. The Court of Criminal Appeals affirmed the conviction and the sentence. SeeDavis v. State, [Ms. CR-96-2341, May 29, 1998] 740 So.2d 1115
(Ala.Crim.App. 1998). This Court granted Davis's petition for certiorari review and heard oral arguments. We affirm the judgment of the Court of Criminal Appeals.
At approximately 9 p.m. on June 23, 1996, David Eugene Davis was drinking alcohol with his former brother-in-law, Tommy Reed. Davis told Reed that he wanted to kill his ex-wife, from whom he had recently been divorced. Davis said he knew where he could get a gun. Around 10 p.m., Davis left Reed. He asked two people at a service station for directions to the house where Kenneth Douglas and John Fikes lived. When Davis arrived there, he spoke to Douglas. At some point, the meeting became confrontational. Davis took a gun from Douglas and shot him. Davis heard someone else moving in the bedroom, and fired a shot into that room, hitting Fikes. Douglas and Fikes both died from their wounds. After the shootings, Davis collected a number of the victims' belongings, including several guns. He later said that he intended to sell the items to obtain crack cocaine.
Davis noticed a kerosene lantern and used it to set the house on fire. A relative of one of the victims later noticed the fire and telephoned the Emergency 911 number. At about the same time, Davis went to Louis Dodd's house and offered to sell Dodd some of the stolen guns. Dodd described Davis as being "scared to death," and said he appeared to be "drunk and on drugs." Dodd told Davis not to come to his house at that time of the morning asking to sell stolen property. He said Davis stated in response, "They come from far away." Shortly thereafter, the Trussville Police Department received a complaint about a man walking door-to-door, holding a sawed-off shotgun in one hand and a jug in the other, and asking for gasoline for his vehicle. When the officers arrived, they recognized Davis's vehicle and found him nearby. When they approached Davis, he dropped the shotgun behind some bushes. The officers arrested him. They testified that Davis was aware of what was happening when they arrested him, and that although he appeared to be intoxicated to some extent he probably was not intoxicated enough to support an arrest for driving under the influence. After arresting Davis, the officers found in his vehicle numerous items that belonged to the victims.
The State charged Davis with two counts of capital murder. Count I charged him with the offense of "[m]urder wherein two or more persons are murdered by the *Page 1136 
defendant by one act or pursuant to one scheme or course of conduct." See Ala. Code 1975, §13A-5-40(a)(10). Count II charged him with "[m]urder . . . during a robbery in the first degree or an attempt thereof." See Ala. Code 1975, § 13A-5-40(a)(2). In exchange for the State's dismissal of Count II, Davis pleaded guilty to Count I. The trial court engaged Davis in a thorough colloquy, as required by Boykin v.Alabama, 395 U.S. 238 (1969), and Rule 14.4, Ala.R.Crim.P., during which Davis admitted his guilt and expressed his desire to enter a guilty plea. The trial court presented the case to a jury so that the jury could determine whether the State had proven its case against Davis beyond a reasonable doubt, as required by Ala. Code 1975, § 13A-5-42. The jury returned a verdict of guilty. During the penalty phase of the proceedings, the jury, by a vote of 11 to 1, recommended that Davis be sentenced to death by electrocution. The trial court accepted the jury's recommendation. Davis appealed, raising 12 issues of alleged error. The Court of Criminal Appeals affirmed Davis's conviction and sentence.
In his certiorari petition, Davis raised nine issues concerning the merits of his conviction and sentence.[1] We have carefully reviewed all of the issues presented in the petition, the briefs, and the oral argument. All of these issues were fully addressed by the opinion of the Court of Criminal Appeals. We have studied the opinion of the Court of Criminal Appeals and have examined the record for plain error. We find no error, plain or otherwise, in either the guilt phase or the sentencing phase of Davis's trial that would warrant a reversal of his conviction or his sentence. We therefore affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, Lyons, and Johnstone, JJ., concur.
Brown, J., recuses herself.
[1] We note that after he filed his petition with this Court, Davis filed two pro se letters asking that this Court permit him to withdraw his certiorari petition. See, e.g., Franz v. State,296 Ark. 181, 754 S.W.2d 839 (1988); State v. Dodd, 120 Wn.2d 1,838 P.2d 86 (1992); Grasso v. State, 857 P.2d 802
(Okla.Crim.App. 1993). Because we are addressing the merits of Davis's conviction and sentence, we need not determine at this time whether a capital defendant can waive this Court's certiorari review of his case.